UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARON D. LEWIS,

      Plaintiff,                           Case No. 13-10889

v.                                    Hon. Gerald E. Rosen
                                      Mag. Judge Laurie J. Michelson

MICHIGAN OCCUPATIONAL SAFETY
AND HEALTH ADMINISTRATION,

      Defendant.

_____/

**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

Plaintiff Sharon D. Lewis ("Plaintiff") is a former teacher with the Detroit Public Schools ("DPS"). (Dkt. 1, Compl. ¶ 2.) Her Complaint centers on an alleged gas leak at the Martin Luther King Jr., Senior High School in Detroit, Michigan. (*Id.*, ¶ 4.) Lewis believes that Defendant Michigan Occupational Safety and Health Administration ("MIOSHA") did not adequately investigate the gas leak and did not do enough to correct the problem. (*Id.*, p. 1.) She alleges that Defendant's failure to act is racially motivated. (*Id.*, ¶ 5.)

This is the second federal-court lawsuit Plaintiff has filed as a result of this alleged gas leak problem. In the first, Plaintiff appears to be alleging that Detroit Public Schools retaliated against her, in violation of Title VII of the Civil Rights Act of 1964, for reporting the gas leak. *Lewis v. Detroit Public Schs.*, Case No. 12-11851 (E.D. Mich. filed Apr. 25, 2012). Plaintiff describes this second case as "an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race . . . ." (Mot. Default. J. at 3.)

All pre-trial proceedings have been referred to this Court. (Dkt. 9.) Plaintiff is proceeding

*in forma pauperis* (Dkt. 7), and, therefore, this Court has reviewed Plaintiff's Complaint to determine whether it states a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the Court finds that it does not and therefore RECOMMENDS that Plaintiff's Complaint be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.   BACKGROUND

### A.   Plaintiff's Allegations

Plaintiff's Complaint begins with a section entitled "Nature of the Action." That section explains:

> This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide relief to Sharon Lewis. The Federal OSHA alleges that MIOSHA did not adequately investigate complaint number 208631150, a Gas Leak at the Martin Luther King Jr., Senior High School. The Defendant MIOSHA, violated Title VII by allowing Detroit Public Schools to harass Plaintiff, refusal to investigate Plaintiffs termination of benefits and stopping an on-going gas leak.

(Dkt. 1, Compl., p. 1-2.)

Plaintiff used to work for Detroit Public Schools. (*Id.*, ¶ 2.) She alleges that "MIOSHA was negligent when they refused to stop the on-going gas leak and foul odor at the New Martin Luther King Jr., Senior High School" after the leak "was reported to them repeatedly in person, over the phone[,] and by informing federal OSHA." (*Id.*, ¶ 4.) Plaintiff says that students, faculty, and staff became sick. (*Id.*, ¶¶ 6, 8.) She further alleges that "[i]nstead of investigating, [MIOSHA] gave the school 30 days to correct the problem when the school had every opportunity to stop the gas leak and foul odor in the month[s] of September, October, November and December of 2011." (*Id.*, ¶ 6.) Plaintiff believes that "MIOSHA refused to protect the teachers, staff and students because the

2

student population is . . . 99% African American." (*Id.*, ¶ 5.)

Plaintiff further alleges that she filed complaints with MIOSHA and also informed them that DPS was discriminating and retaliating against her for reporting the on-going gas leak. (*Id.*, p. 5, ¶ I.)  According to Plaintiff, MIOSHA took no action in response.  (*Id.*) Plaintiff complains that MIOSHA neglected to investigate, "had total disregard for the safety and [welfare] for [her], teachers and others," and refused to investigate her benefits.  (*Id.*, pp. 5-9.)  As a result, Plaintiff brought this lawsuit alleging "Discrimination and Retaliation" (Count I), "Negligence" (Count II) and "Intentional Tort" (Count III).

### B.   Procedural History

On April 9, 2013, Chief District Judge Gerald E. Rosen granted Plaintiff's Application to Proceed *In Forma Pauperis* and entered an Order directing the United States Marshal to serve the appropriate papers on Defendant.  (Dkt. 7.)   On April 11, 2013, the Marshals acknowledged receiving the Order directing service as well as one (1) copy of the Complaint and Summons Form to be served.  (Dkt. 7.)  On April 15, 2013, the Marshals docketed a Notice that they mailed a copy of the Complaint to Defendant.  On April 25, 2013, a "Waiver of Service Returned Executed" was docketed with the Court.   Only a few days later – and well before the deadline for MIOSHA to answer the Complaint – Plaintiff filed Motions for Default Judgment that are presently pending.  (Dkts 11, 12.)  MIOSHA has not yet responded to the Complaint.

## II.    ANALYSIS

### A.    Legal Standards

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  Section 1915(e)(2) "is applicable throughout the entire litigation process.  A case that may not initially appear to meet § 1915(e)(2) may be dismissed at a future date should it become apparent that the case satisfies this section."  *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *abrogated on other grounds*, *Jones v. Bock*, 549 U.S. 109, 205 (2007).  Federal Rule of Civil Procedure 12(b)(6) standards govern dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).  *Hill v. Lapin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

Under Rule 12(b)(6), a case warrants dismissal if it fails "to state a claim upon which relief can be granted."  When deciding a motion under Rule 12(b)(6), "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true," and determine whether the plaintiff has alleged "enough factual matter" to "state a claim to relief that is plausible on its face."  *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).  The plausibility standard does not require a plaintiff to plead facts showing that liability is probable, "but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citing *Twombly*, 550 U.S. at 556).  Where a complaint pleads facts that are

4

"merely consistent with" a defendant's liability, a plaintiff has failed to "nudge[]" his claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 557.  In applying the Rule 12(b)(6) standards to a Complaint drafted by a *pro se* plaintiff, the Court must be mindful that allegations in the complaint are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**B.    Plaintiff Has Not Pled a Federal Cause of Action**

In Count I of her Complaint, Plaintiff labels MIOSHA's alleged actions and inactions as "discrimination and retaliation" in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e e*t seq.*  Under Title VII, it is "an unlawful employment practice . . . to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Thus, a "prerequisite to maintaining an action under . . . Title VII . . . is that a plaintiff be an 'employee' of the defendant." *Savas v. William Beaumont Hosp.*, 216 F. Supp. 2d 660,  664 (E.D. Mich. 2002) (citing *Kirby v. Robby Len Swimfashions*, 904 F.2d 36 (6th Cir. 1990); *Falls v. The Sporting News Publishing Co.*, 834 F.2d 611, 613 (6th Cir. 1987)), *aff'd*, 102 F. App'x. 447 (6th Cir. 2004); *see also Brintley v. St. Mary Mercy Hosp.*, No. 09-14014, 2012 U.S. Dist. LEXIS 163909, at *26-27 ("It is well-settled . . . that to make out a claim for relief under Title VII, it must be shown that there existed an employer-employee relationship between the plaintiff and the defendant." (citing *Shah v. Deaconess Hospital*, 355 F.3d 496 (6th Cir. 2004)).

The Sixth Circuit has acknowledged that, like its fellow circuits, it "has not comprehensively explained the legal theories by which to identify 'employers' under the Civil Rights Acts." *Satterfield v. Tennessee*, 295 F.3d 611, 617 (6th Cir. 2002). "Instead," the Court explained, "we

5

appear to have three lines of cases setting out three theories." *Id.* The first theory considers the "entire relationship, with the most important factor being the employer's ability to control job performance and employment opportunities of the aggrieved individual." *Id.* (internal quotation marks and citations omitted). The second theory holds that "an agent of an employer may be identified as an employer for the purposes of the Civil Rights Act if [it] delegated employment decisions to the agent." *Id.* (internal quotation marks and citations omitted). The third theory finds that "Title VII does not require a formal employment relationship between the plaintiff and the defendant. Rather, a plaintiff is protected if the defendant is one who significantly affects access of any individual to employment opportunities." *Id.* (internal quotation marks and citations omitted). Although these three theories appear to be facially distinct, the Sixth Circuit has noted that "the first theory consolidate[s] all three theories under the 'control' concept." *Id.*

Here, Plaintiff alleges that she was a teacher working for DPS. Her allegations do not establish that she was an employee of MIOSHA under any employment theory. There are no allegations that MIOSHA exercised any control over the manner and means of Plaintiff's work or that DPS authorized MIOSHA to make any employment decisions on its behalf or that MIOSHA exercised the requisite control over DPS' employment decisions. Indeed, as noted, Plaintiff has filed a separate Title VII lawsuit against her former employer, DPS, arising out of the same facts alleged in this case. *See Lewis v. Detroit Public Schs.*, Case No. 12-11851 (E.D. Mich. filed Apr. 25, 2012).

In sum, Count I of Plaintiff's Complaint fails to allege a viable civil rights claim under federal law because the parties lack the requisite employment relationship and thus, should be dismissed.

The Court further recommends that the District Court decline to exercise supplemental

6

jurisdiction over Plaintiff's state law negligence and intentional tort claims. Under 28 U.S.C. § 1367, a district judge may decline to exercise supplemental jurisdiction over state-law claims if "the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims[.]" *Musson Theatrical, Inc. v. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996); *see also Wee Care Child Ctr., Inc. v. Lumpkin*, 680 F.3d 841, 849 (6th Cir. 2010) ("As [plaintiff's] one federal claim was properly dismissed, it was likewise proper for the district court to decline to exercise supplemental jurisdiction over the remaining state law claims."); *Ketola v. Clearwater*, No. 08-cv-31, 2008 U.S. Dist. LEXIS 104205, at *13-14 (W.D. Mich. Oct. 31, 2008) ("Where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state-law claims should be dismissed without reaching their merits.").

## III.   RECOMMENDATION AND CONCLUSION

For the foregoing reasons, this Court RECOMMENDS that Plaintiff's Complaint be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

As a result, the Court further RECOMMENDS that Plaintiff's Motions for Default Judgment (Dkts. 11, 12) be dismissed as MOOT.[1]

---

[1] These motions should also be dismissed on the merits. First, Plaintiff did not obtain a clerk's entry of default prior to seeking judgment by the court and thus, "Plaintiff's motion for default judgment is not properly before this court." *Meier v. Green*, No. 07-CV-11410, 2007 U.S. Dist. LEXIS 43058, at *10 (E.D. Mich. June 14, 2007); *Hickman v. Burchett*, No. 2:07-cv-743, 2008 WL 926609, *1 (S.D. Ohio Apr. 4, 2008) ("[E]ntry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." (internal quotation marks omitted, collecting cases)). Additionally, Plaintiff filed her motions for default judgment well before the time expired for MIOSHA to respond to the Complaint.

7

## IV.     FILING OBJECTIONS TO THIS REPORT

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES MAGISTRATE JUDGE

Dated:  May 3, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 3, 2013.

s/Jane Johnson
Deputy Clerk

8