UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARON D. LEWIS,

      Plaintiff,

v.

                          Case No. 13-10889
                          Hon. Gerald E. Rosen
                          Magistrate Judge Laurie J. Michelson

MICHIGAN OCCUPATIONAL SAFETY
AND HEALTH ADMINISTRATION,

      Defendant.
_____/

ORDER OVERRULING PLAINTIFF'S
OBJECTIONS TO ORDER DENYING PLAINTIFF'S
MOTIONS TO AMEND COMPLAINT AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on      November 12, 2013

PRESENT:  Honorable Gerald E. Rosen
                   Chief Judge, United States District Court

     On August 13, 2013, Magistrate Judge Laurie J. Michelson issued an order denying Plaintiff Sharon D. Lewis's motions to amend her complaint, as well as a report and recommendation ("R & R") recommending that the Court grant Plaintiff's motion in which she seeks the entry of a final order on all issues presented in this litigation. Neither party has lodged any objections to the R & R, and the Court adopts this aspect of the Magistrate Judge's August 13 ruling in its entirety. As for the order denying Plaintiff's motions to amend, Plaintiff filed objections to this order on August 21, 2013. For the

reasons stated briefly below, the Court overrules Plaintiff's objections and affirms the Magistrate Judge's denial of Plaintiff's motions to amend her complaint.

Under the Federal Rule and statutory provision governing objections to a Magistrate Judge's orders, this Court may set aside the Magistrate Judge's August 13 denial of Plaintiff's motions to amend her complaint only if Plaintiff "show[s] that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). Yet, rather than addressing the legal determinations in the Magistrate Judge's order, Plaintiff's objections consist almost entirely of (i) repeated restatements of the factual allegations and legal theories of recovery advanced in Plaintiff's proposed amended complaint, without any effort to address the specific deficiencies in Plaintiff's proposed claims as identified by the Magistrate Judge, and (ii) references to statutes — *e.g.,* the federal Americans with Disabilities Act and Michigan's Elliott-Larsen Civil Rights Act — and legal authorities and principles that have no bearing upon the claims and allegations actually asserted in Plaintiff's proposed amended complaint.[1]

Simply stated, these "objections" fail to address in any way the salient elements of

---

[1] Although Plaintiff's proposed amended complaint references the federal Americans with Disabilities Act at one point, it does not appear that Plaintiff means to assert a claim under this federal statute. Even if she did, she has not alleged that she suffers from a disability within the meaning of this statute, nor do the allegations of her proposed amended complaint give rise to a plausible claim that the Defendant state agency discriminated against her because of a disability. As for Michigan's Elliott-Larsen Act, Plaintiff's proposed amended complaint does not even mention this state statute, and the Court, in any event, would decline to exercise supplemental jurisdiction over any state-law claim that Plaintiff might wish to pursue under this statute.

the Magistrate Judge's order. First and foremost, the Magistrate Judge correctly observes that there are "few substantive differences" between Plaintiff's proposed amended complaint and her initial complaint. (8/13/2013 R & R at 4.) Because the Court previously determined that Plaintiff's initial complaint was "subject to dismissal," (5/14/2013 Order at 2), and because Plaintiff's proposed amended complaint does not cure the deficiencies in this initial pleading, it readily follows, and the Magistrate Judge correctly concludes, that Plaintiff's proposed amendments are futile.

Next, as to the specific federal claims and theories of recovery advanced in Plaintiff's proposed amended complaint, the Magistrate Judge observed in an earlier May 3, 2013 report and recommendation that Plaintiff's Title VII claim of race discrimination fails for lack of allegations of an employment relationship between Plaintiff and Defendant, (*see* 5/3/2013 R & R at 5-6), and Plaintiff's proposed amended complaint does nothing to cure this deficiency. To the extent that Plaintiff seeks to overcome this defect by attempting to pursue claims of race discrimination under 42 U.S.C. §§ 1983 and 1985 rather than Title VII, the Magistrate Judge explains that the Defendant state agency is immune from § 1983 or § 1985 claims for money damages, (*see* 8/13/2013 R & R at 6-7), and Plaintiff has failed to identify any authority to the contrary.[2] Regarding Plaintiff's

---

[2]In her objections to the Magistrate Judge's order, Plaintiff seemingly suggests that she might be seeking to pursue a claim against the Defendant state agency under Title VI of the Civil Rights Act of 1964, which prohibits discrimination on account of race, color, or national origin "under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Yet, even assuming such a claim could be discerned from the allegations of Plaintiff's proposed amended complaint, and even assuming that the Defendant state agency is subject to Title VI by virtue of its receipt of federal funds, Plaintiff's bare and conclusory allegations that officials of

proposed claim under the Federal Tort Claims Act, the Magistrate Judge correctly holds that the Defendant state agency is not a federal agency subject to this federal statute, (*see id.* at 5-6), and Plaintiff again has not shown that this ruling is clearly erroneous or contrary to law.

This leaves only Plaintiff's proposed state-law theories of recovery. As explained in the Magistrate Judge's May 3, 2013 report and recommendation, because all of the federal claims asserted in Plaintiff's initial and proposed amended complaint are subject to dismissal, it is appropriate for the Court to decline to exercise supplemental jurisdiction over Plaintiff's state-law claims. (*See* 5/3/2013 R & R at 6-7.) Accordingly, to the extent that Plaintiff's objections pertain to any possible state-law theories she might wish to pursue, the Court declines to address these objections.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's August 21, 2013 objections to the Magistrate Judge's August 13, 2013 order denying Plaintiff's motions to amend complaint (docket #30) are OVERRULED, and that the Magistrate Judge's order is AFFIRMED.

Next, IT IS FURTHER ORDERED that the Magistrate Judge's August 13, 2013

---

the Defendant state agency discriminated against her "because she is black," (Plaintiff's Proposed First Amended Complaint at ¶¶ 16, 33), do not give rise to a plausible claim of race discrimination under Title VI, where Plaintiff has offered nothing beyond her own belief that her race was a factor in her unsatisfactory dealings with the Defendant agency. *See HDC, LLC v. City of Ann Arbor,* 675 F.3d 608, 613 (6th Cir. 2012) ("A complaint that includes only conclusory allegations of discriminatory intent without supporting factual allegations does not sufficiently show entitlement to relief.").

report and recommendation (docket #30) is ADOPTED as the opinion of this Court. IT IS FURTHER ORDERED, for the reasons set forth in the Magistrate Judge's R & R, that Plaintiff's August 6, 2013 motion for a final order (docket #29) is GRANTED. The Court will promptly enter a final judgment reflecting its rulings in this case.

Finally, IT IS FURTHER ORDERED that Plaintiff's November 6, 2013 renewed motion for a final order (docket #34) is DENIED AS MOOT, in light of the Court's grant of Plaintiff's earlier motion seeking the same relief.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: November 12, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 12, 2013, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135